LYON *v.* NEW YORK, S. & W. R. Co.

(*Common Pleas of New York City and County, Special Term.* May 4, 1888.)

APPEAL—PROCEDURE—FROM COMMON PLEAS TO COURT OF APPEALS.

Laws N. Y. 1887, c. 435, providing for appeals to the court of appeals from judgments of the common pleas in causes originating in the city court, does not authorize an entry of a judgment in the common pleas for the purposes of an appeal; this act in no way amending Code Civil Proc. N. Y. §§ 3191, 3195, requiring, in such cases, that the judgment shall be remitted to the court below, and that, on an appeal to the court of appeals, the appeal-bond shall be filed with the clerk of the city court, who shall transmit the necessary papers to the court of appeals.

On motion for an order directing the clerk to enter judgment.

The common pleas affirmed a judgment of the city court of New York in favor of the plaintiff. The clerk of the common pleas refused to enter a judgment of affirmance, whereupon a motion was made for an order directing him to enter such judgment.

*Abbett & Fuller,* for plaintiff and the motion. *Vanderpoel, Green, Cuming & Goodwin,* for defendant, opposed.

BOOKSTAVER, J. The motion is based on chapter 435 of the Laws of 1887, providing for appeals to the court of appeals from judgments and orders of this court in cases originating in the city court. This law amends subdivision 2 of section 191 of the Code of Civil Procedure, repeals a portion of chapter 418 of the Laws of 1886, and declares the meaning and intent of that part of the act not repealed. But it in no way amends or alters sections 3191 and 3195 of the Code, which regulate the practice on appeals from the city court to this court. Section 3194 expressly provides that the judgment or order of this court must be remitted to the court below to be enforced according to law; and section 3195 provides that, upon an appeal to the court of appeals, the notice of appeal and undertaking must be filed with the clerk of the city court, who must transmit the necessary papers to the court of appeals. If the judgment were to be entered in this court, it could not be remitted to the city court, nor could the clerk of that court transmit the papers to the court of appeals as directed by these provisions of the Code which are now in force. It would be an anomaly in practice to have one judgment entered in this court for purposes of appeal to the court of appeals, and another in the same action in the city court, for the purpose of being enforced for the collection of the debt. Nor do I see any countenance for such practice in the law under consideration. The motion must therefore be denied, but, under the circumstances, without costs.